Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OBDULIO ANTONIO CONTRERAS MATA and RAFAEL
AVILES PINEDA, individually and on behalf of all others
similarly situated,

**COLLECTIVE ACTION COMPLAINT**

Plaintiffs,

**JURY TRIAL DEMANDED**

-against-

RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a
RIVERDALE CAR WASH, MVP CAR WASH, LLC. d/b/a
MVP CAR WASH, and PETER DELLA MURA and
SALVADOR DELLA MURA, as individuals,

Defendants.
------------------------------------------------------------------X

1. Plaintiffs, **OBDULIO ANTONIO CONTRERAS MATA and RAFAEL AVILES PINEDA, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **OBDULIO ANTONIO CONTRERAS MATA and RAFAEL AVILES PINEDA, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH, MVP CAR WASH, LLC. d/b/a MVP CAR WASH, and PETER DELLA MURA and SALVADOR DELLA MURA, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime,

minimum wage and overtime, arising out of Plaintiffs' employment at RIVERDALE CAR WASH located at 309 West 230th Street, Bronx, New York 10463 and MVP CAR WASH located at 4615 3rd Avenue, Bronx, New York 10458.

3. Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** was employed by Defendants at RIVERDALE CAR WASH located at 309 West 230th Street, Bronx, New York 10463 and MVP CAR WASH located at 4615 3rd Avenue, Bronx, New York 10458, as a carwash employee, detailer, and performing other miscellaneous duties from on or around March 10, 2011 to on around on May 28, 2016.

4. Plaintiff **RAFAEL AVILES PINEDA** was employed by Defendants at RIVERDALE CAR WASH located at 309 West 230th Street, Bronx, New York 10463 and MVP CAR WASH located at 4615 3rd Avenue, Bronx, New York 10458, as a carwash employee, detailer, and performing other miscellaneous duties from in or around May 2014 to in or around May 2016.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** was employed by Defendants at RIVERDALE CAR WASH located at 309 West 230th Street, Bronx, New York 10463 and MVP CAR WASH located at 4615 3rd Avenue, Bronx, NY 10458, as a carwash employee, detailer, and performing other miscellaneous duties from on or around March 10, 2011 to on around on May 28, 2016.

10. Plaintiff **RAFAEL AVILES PINEDA** was employed by Defendants at RIVERDALE CAR WASH located at 309 West 230th Street, Bronx, New York 10463 and MVP CAR WASH located at 4615 3rd Avenue, Bronx, New York 10458, as a carwash employee, detailer, and performing other miscellaneous duties from in or around May 2014 to in or around May 2016.

11. Upon information and belief, Defendant, RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH, is a corporation organized under the laws of New York with a principal executive office at located at 981 Allerton Avenue, Bronx, New York 10463.

12. Upon information and belief, Defendant, RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH, is a corporation authorized to do business under the laws of New York.

13. Upon information and belief, Defendant PETER DELLA MURA owns and/or operates RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

14. Upon information and belief, Defendant PETER DELLA MURA manages RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

15. Upon information and belief, Defendant PETER DELLA MURA is the Chairman of the Board of RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

16. Upon information and belief, Defendant PETER DELLA MURA is the Chief Executive Officer of RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

17. Upon information and belief, Defendant PETER DELLA MURA is an agent of RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

18. Upon information and belief, Defendant PETER DELLA MURA has power over personnel decisions at RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

19. Upon information and belief, Defendant PETER DELLA MURA has power over payroll decisions at RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

20. Defendant PETER DELLA MURA has the power to hire and fire employees at RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH, establish and pay their wages, set their work schedule, and maintains their employment records.

21. During all relevant times herein, Defendant PETER DELLA MURA was Plaintiffs' employer within the meaning of the FLSA and NYLL.

22. Upon information and belief, Defendant SALVADOR DELLA MURA owns and/or operates RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

23. Upon information and belief, Defendant SALVADOR DELLA MURA manages RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

24. Upon information and belief, Defendant SALVADOR DELLA MURA is the Chairman of the Board of RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

25. Upon information and belief, Defendant SALVADOR DELLA MURA is the Chief Executive Officer of RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

26. Upon information and belief, Defendant SALVADOR DELLA MURA is an agent of RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

27. Upon information and belief, Defendant SALVADOR DELLA MURA has power over personnel decisions at RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

28. Upon information and belief, Defendant SALVADOR DELLA MURA has power over payroll decisions at RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH.

29. Defendant SALVADOR DELLA MURA has the power to hire and fire employees at RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH, establish and pay their wages, set their work schedule, and maintains their employment records.

30. During all relevant times herein, Defendant SALVADOR DELLA MURA was Plaintiffs' employer within the meaning of the FLSA and NYLL.

31. Upon information and belief, Defendant, MVP CAR WASH, LLC. D/B/A MVP CAR WASH, is a corporation organized under the laws of New York with a principal executive office at located at 981 Allerton Avenue, Bronx, New York 10463.

32. Upon information and belief, Defendant, MVP CAR WASH, LLC. D/B/A MVP CAR WASH, is a corporation authorized to do business under the laws of New York.

33. Upon information and belief, Defendant PETER DELLA MURA owns and/or operates MVP CAR WASH, LLC. D/B/A MVP CAR WASH.

34. Upon information and belief, Defendant PETER DELLA MURA manages MVP CAR WASH, LLC. D/B/A MVP CAR WASH.

35. Upon information and belief, Defendant PETER DELLA MURA is the Chairman of the Board of MVP CAR WASH, LLC. D/B/A MVP CAR WASH.

36. Upon information and belief, Defendant PETER DELLA MURA is the Chief Executive Officer of MVP CAR WASH, LLC. D/B/A MVP CAR WASH.

37. Upon information and belief, Defendant PETER DELLA MURA is an agent of MVP CAR WASH, LLC. D/B/A MVP CAR WASH.

38. Upon information and belief, Defendant PETER DELLA MURA has power over personnel decisions at MVP CAR WASH, LLC. D/B/A MVP CAR WASH.

39. Upon information and belief, Defendant PETER DELLA MURA has power over payroll decisions at MVP CAR WASH, LLC. D/B/A MVP CAR WASH.

40. Defendant PETER DELLA MURA has the power to hire and fire employees at MVP CAR WASH, LLC. D/B/A MVP CAR WASH, establish and pay their wages, set their work schedule, and maintains their employment records.

41. During all relevant times herein, Defendant PETER DELLA MURA was Plaintiffs' employer within the meaning of the FLSA and NYLL.

42. Upon information and belief, Defendant SALVADOR DELLA MURA owns and/or operates MVP CAR WASH, LLC. D/B/A MVP CAR WASH.
43. Upon information and belief, Defendant SALVADOR DELLA MURA manages MVP CAR WASH, LLC. D/B/A MVP CAR WASH.
44. Upon information and belief, Defendant SALVADOR DELLA MURA is the Chairman of the Board of MVP CAR WASH, LLC. D/B/A MVP CAR WASH.
45. Upon information and belief, Defendant SALVADOR DELLA MURA is the Chief Executive Officer of MVP CAR WASH, LLC. D/B/A MVP CAR WASH.
46. Upon information and belief, Defendant SALVADOR DELLA MURA is an agent of MVP CAR WASH, LLC. D/B/A MVP CAR WASH.
47. Upon information and belief, Defendant SALVADOR DELLA MURA has power over personnel decisions at MVP CAR WASH, LLC. D/B/A MVP CAR WASH.
48. Upon information and belief, Defendant SALVADOR DELLA MURA has power over payroll decisions at MVP CAR WASH, LLC. D/B/A MVP CAR WASH.
49. Defendant SALVADOR DELLA MURA has the power to hire and fire employees at MVP CAR WASH, LLC. D/B/A MVP CAR WASH, establish and pay their wages, set their work schedule, and maintains their employment records.
50. During all relevant times herein, Defendant SALVADOR DELLA MURA was Plaintiffs' employer within the meaning of the FLSA and NYLL.
51. On information and belief, RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.
52. On information and belief, MVP CAR WASH, LLC. D/B/A MVP CAR WASH is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been

6

moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

53. Specifically, Defendants are engaged in the car wash business.

## FACTUAL ALLEGATIONS

54. Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** was employed by Defendants from on or around March 10, 2011 to on around on May 28, 2016.

55. Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** was employed by Defendants at RIVERDALE CAR WASH located at 309 West 230th Street, Bronx, New York 10463 and MVP CAR WASH located at 4615 3rd Avenue, Bronx, NY 10458, as a carwash employee, detailer, and performing other miscellaneous duties from on or around March 10, 2011 to on around on May 28, 2016.

56. Upon information and belief, Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** worked approximately 60 (sixty) hours or more per week from on or around March 10, 2011 until on or around May 28, 2016.

57. Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** was paid by Defendants approximately $8.00 per hour from on or around March 10, 2011 until on or around May 28, 2016.

58. Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** was paid by Defendants approximately $240.00 per week in check with the remainder paid in cash from on or around March 10, 2011 until on or around May 28, 2016.

59. Defendants failed to pay Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** the legally prescribed minimum wage for his hours worked from on or around January 1, 2015 until on or around May 28, 2016, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.

60. Although Plaintiff **OBDULIO ANTONIO CONTRERAS MATA** worked approximately 60 (sixty) hours or more per week from on or around March 10, 2011 until on or around May 28, 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

61. Plaintiff **RAFAEL AVILES PINEDA** was employed by Defendants from in or around May 2014 until in or around May 2016.

62. Plaintiff **RAFAEL AVILES PINEDA** was employed by Defendants at RIVERDALE CAR WASH located at 309 West 230th Street, Bronx, New York 10463 and MVP CAR WASH located at 4615 3rd Avenue, Bronx, NY 10458, as a carwash employee, detailer, and performing other miscellaneous duties from in or around May 2014 until in or around May 2016.

63. Upon information and belief, Plaintiff **RAFAEL AVILES PINEDA** worked approximately 60 (sixty) hours or more per week from in or around May 2014 until in or around May 2016.

64. Plaintiff **RAFAEL AVILES PINEDA** was paid by Defendants approximately $8.75 per hour from in or around May 2014 until in or around December 2014, and approximately $9.00 per hour from in or around January 2015 until in or around May 2016.

65. Plaintiff **RAFAEL AVILES PINEDA** was paid by Defendants approximately $262.50 per week in check with the remainder paid in cash from in or around May 2014 until in or around December 2014, and approximately $270.00 per week in check from in or around January 2015 until in or around May 2016.

66. Although Plaintiff **RAFAEL AVILES PINEDA** worked approximately 60 (sixty) hours or more per week from in or around May 2014 until in or around May 2016, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

67. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

68. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

69. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

70. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

71. Collective Class: All persons who are or have been employed by the Defendants as car wash employees, detailers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages and overtime wages.

72. Upon information and belief, Defendants employed between 10 and 15 employees within the past three years subjected to similar payment structures.

73. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

74. Upon information and belief, Defendants failed to properly pay statutorily mandated minimum wage amounts pursuant to the FLSA and NYLL.

75. Upon information and belief, Defendants failed to provide wage notices and statements in Plaintiffs' primary language.

76. Defendants' unlawful conduct has been widespread, repeated, and consistent.

77. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and spread of hours compensation.

78. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

79. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and minimum wage pay in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the

present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

80. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

81. The claims of Plaintiff are typical of the claims of the putative class.

82. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

83. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

85. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

86. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

87. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

88. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

89. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

90. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

93. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

94. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

95. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

96. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

97. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

98. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

99. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

100. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

101. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

102. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FOURTH CAUSE OF ACTION
**Minimum Wages Under New York Labor Law**

103. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

104. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

105. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

106. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

107. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N.Y.C.R.R. 137-1.3.

108. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

109. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

110. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

111. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

112. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

113. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

114. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs unpaid minimum wages;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs prejudgment and post-judgment interest;

f.  Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g.  Awarding such and further relief as this court deems necessary and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 5th day of November 2016.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---
OBDULIO ANTONIO CONTRERAS MATA and RAFAEL AVILES PINEDA, individually and on behalf of all others similarly situated,

        Plaintiffs,

 -against-

RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH, MVP CAR WASH, LLC. d/b/a MVP CAR WASH, and PETER DELLA MURA and SALVADOR DELLA MURA, as individuals,

        Defendants.
---

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**RIVERDALE CAR WASH & DETAIL CENTER, INC. d/b/a RIVERDALE CAR WASH**
**309 W. 230TH STREET**
**BRONX, NY 10463**

**981 ALLERTON AVENUE**
**BRONX, NY 10463**

**MVP CAR WASH, LLC. d/b/a MVP CAR WASH**
**4615 3RD AVENUE**
**BRONX, NY 10458**

**981 ALLERTON AVENUE**
**BRONX, NY 10463**

**PETER DELLA MURA**
**309 W. 230TH STREET**
**BRONX, NY 10463**

**SALVADOR DELLA MURA**
**309 W. 230TH STREET**
**BRONX, NY 10463**

16

SALVADOR DELLA MURA
309 W. 230TH STREET