UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

OBDULIO ANTONIO CONTRERAS MATA,      :
RAFAEL AVILES PINEDA and FELIX
LOPEZ, individually and on behalf    :    16 Civ. 9100 (HBP)
of all others similarly situated,
                                     :    OPINION
              Plaintiffs,                 AND ORDER
                                     :
     -against-
                                     :
RIVERDALE CAR WASH & DETAIL
CENTER, INC. d/b/a RIVERDALE CAR     :
WASH, MVP CAR WASH, LLC d/b/a
MVP CAR WASH, and PETER DELLA        :
MURA and SALVADOR DELLA MURA,
as individuals,                      :

              Defendants.            :

--------------------------------------X

PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve the their settlement agreement (Docket Item ("D.I.") 20). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       This is an action brought by three individuals who were employed as car washers at defendants' car wash and detail shops and seeks allegedly unpaid minimum wages and overtime premium pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law. Plaintiffs also assert claims based on defendants' alleged

failure to maintain certain payroll records and to provide certain notices as required by the Labor Law.

Each of the three plaintiffs worked for the defendants for at least two years and each alleges that he worked approximately sixty hours per week, was paid a flat hourly rate and was not paid the overtime premium rate for hours worked in excess of forty hours each week.  Plaintiff Mata also alleges that his hourly rate fell below the minimum wage during a 17-month period of his employment, and plaintiff Lopez alleges that his hourly rate fell below the minimum wage during the entire course of his employment.  Defendants dispute plaintiffs' allegations.  Defendants also argue that their businesses do not meet the $500,000.00 gross sales threshold for enterprise coverage under the FLSA.  They also argue that plaintiffs have exaggerated the number of hours they worked and that defendants are entitled to a tip credit which, when added to plaintiffs' wages, establish that plaintiffs were paid the wages to which plaintiffs were legally entitled.  Defendants also assert that they can produce witnesses who will verify the amount of tips collected and the amount of hours worked by plaintiffs.

I held a lengthy settlement conference with counsel and the parties on April 24, 2017 that was attended by the parties and their counsel.  After a protracted discussion of the

strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for a total amount of $67,500.00.

The amounts claimed by each of the plaintiffs[1] and the net amount that each will receive after deduction for legal fees and costs are as follows:

| Plaintiff | Amount Claimed | Net Allocable Share |
|---|---|---|
| Obdulio Antonio Contreras Mata | $43,442.07 | $15,000.00 |
| Rafael Aviles Pineda | $28,574.52 | $12,460.00 |
| Felix Lopez | $58,384.64 | $17,000.00 |
| Total: | $130,401.23 | $44,460.00 |

Court approval of an FLSA settlement is appropriate

> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original).

---

[1] The amounts claimed are the allegedly unpaid wages, exclusive of liquidated damages and exclusive of damages for the Labor Law notice claims.

"Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted).  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54.  The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys.  Based upon the submissions of counsel in this case, it is clear to me that all parties are represented by counsel who are knowledgeable regarding all issues in the case and who are well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the

4

>     settlement will enable the parties to avoid anticipated
>     burdens and expenses in establishing their respective
>     claims and defenses; (3) the seriousness of the litiga-
>     tion risks faced by the parties; (4) whether the set-
>     tlement agreement is the product of arm's-length bar-
>     gaining between experienced counsel; and (5) the possi-
>     bility of fraud or collusion.

(internal quotation marks omitted). As discussed further below, the settlement here satisfies the five criteria enumerated above.

First, after deduction of attorney's fees and costs, the net settlement represents approximately 34.1% of the plaintiffs' estimated unpaid wages. The amount of the settlement allocated to plaintiff Mata represents 34.5% of his claimed unpaid wages, the amount allocated to plaintiff Pineda represents 43.6% of his claimed unpaid wages and the amount allocated to plaintiff Lopez represents 29.1% of his claimed unpaid wages. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Although the parties have conducted some discovery, additional discovery will be needed in order for to prepare for trial. Settlement avoids the necessity of conducting additional discovery and preparing for a trial.

Third, the settlement will enable plaintiffs to avoid the risks of litigation. As noted above, defendants argue that their businesses do not meet the jurisdictional threshold for

coverage under the FLSA and have indicated that they have testimonial evidence that will establish that plaintiffs worked less hours and received more tips than they allege. Plaintiffs, therefore, face the risk that a fact finder may credit defendants' arguments or evidence. Thus, whether and how much plaintiffs would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, because I presided over the settlement conference that lead to the settlement, I know that the settlement is the product of arm's-length bargaining between experienced

6

counsel.  Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud.  The settlement was reached after a mediation before the Court, further negating the possibility of fraud or collusion.

The settlement agreement also provides that, after deduction of $810.00 of counsel's out-of-pocket costs, approximately 33% of the remaining settlement amount will be paid to plaintiffs' counsel as a contingency fee.  Contingency fees of one-third in FLSA cases are routinely approved in this circuit.  See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiffs' retainer agree-

7

ment, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.).  Therefore, the contingency fee is reasonable.

The settlement agreement also contains a mutual release.  The release is permissible because it is limited to the wage-and-hour claims alleged in this action.  See Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.); Ocasio v. Big Apple Sanitation, Inc., No. 13 CV 04758 (CBA)(LB), 2016 WL 5376241 at *2 (E.D.N.Y. Mar. 16, 2016) (Report & Recommendation), adopted by, 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016); Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter.  In light of the settlement, the action is dismissed with prejudice and without costs.  The Court shall retain jurisdiction to enforce the settlement agreement.

See <u>Hendrickson v. United States</u>, 791 F.3d 354, 358 (2d Cir. 2015).  The Clerk of the Court is respectfully requested to mark this matter closed.

Dated:  New York, New York
        October 23, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel